**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50510 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00914-GW-1 |
| v. | |
| XUE CHENG DONG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 12, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for South Dakota, sitting by designation.

Xue Cheng Dong appeals his conviction, pursuant to a conditional guilty plea, for conspiracy in violation of 18 U.S.C. § 371.  Dong reserved the right to appeal the denial of his motion to dismiss for post-indictment delay in violation of his Sixth Amendment right to a speedy trial.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review Sixth Amendment speedy trial claims de novo and factual findings for clear error. *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007). We evaluate such claims under the four-part inquiry announced by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972).  Under the *Barker* test, we balance (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. *Id.* at 530. None of these four factors, however, is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. Rather, we must consider them "together with such other circumstances as may be relevant" and "engage in a difficult and sensitive balancing process." *Id.*

When considering whether the length of delay will trigger a *Barker* speedy trial inquiry, we must first find the delay passed the one-year threshold point for being presumptively prejudicial. *See United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993).  Here, the nearly three-year delay between Dong's indictment

2

and his arrest is sufficient to trigger our *Barker* inquiry. Therefore, we must consider the extent to which the delay exceeded the threshold point in light of the degree of diligence exercised by the government and the prejudice to Dong. *Id.*

After reviewing the record, we conclude that the government was negligent in causing the delay because, three weeks before Dong was indicted, the government deported him to China, a country with no extradition treaty with the United States. Furthermore, the government made no effort to locate Dong in China. We have held that "where the government is negligent . . . prejudice will be presumed and its weight in defendant's favor will depend on the length of the delay." *United States v. Aguirre*, 994 F.2d 1454, 1456 (9th Cir. 1993) (citing *Doggett v. United States*, 505 U.S. 647, 657 (1992)). "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett*, 505 U.S. at 655-56 (internal citation omitted). "Accordingly, under the fourth *Barker* factor, when the delay is excessive, the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows, and our toleration of . . . negligence varies inversely with its protractedness and its consequent threat to the fairness of the accused's trial." *United States v. Erenas-Lunas*, 560 F.3d 772, 779 (9th Cir. 2009) (quoting

*Doggett*, 505 U.S. at 657) (internal quotation marks omitted).

Despite the presumption of prejudice, we hold that the district court did not err when it found that the post-indictment delay suffered by Dong did not violate the Sixth Amendment. The delay was only negligently brought on by the government and was not of such substantial length and severity as to necessitate a dismissal. It is unlikely that Dong would have voluntarily returned to the United States to be subjected to a criminal trial had he been made aware of the indictment. In addition, there is no suggestion that the delay prejudiced Dong's ability to mount a defense to the charges. Furthermore, Dong does not name any witnesses who were lost to him or allege there was some evidence he was unable to offer to rebut the charges against him.

After examining the four *Barker* factors, we do not find a violation of Dong's Sixth Amendment right to a speedy trial.

**AFFIRMED**.